IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC NEAL | : | |
|     Plaintiff | : | |
| v | : | Civil Action No. RWT-08-1448 |
| J.D. WHITEHEAD, *et al.* | : | |
|     Defendants | : | |

o0o

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 11. Plaintiff was provided with an opportunity to file a Response in Opposition and he was forewarned that failure to oppose the motion could result in dismissal of the complaint. Paper No. 12. Plaintiff has not opposed the motion.

### Background

Plaintiff claims he was improperly removed from the Federal Bureau of Prisons' Residential Drug Abuse Program (RDAP). Paper No. 1. He states he participated in all phases of the treatment program but refused to take part in any programming requiring humility as it conflicts with his religious beliefs as a Moor. He further claims that he and other black participants of the program were singled out to sing and perform the song "YMCA," which, he claims was recorded by a renowned homosexual music group. When he refused to perform he was expelled from the program. Plaintiff states he was allowed back into the program after complaining about the expulsion. Id. at p. 6. Four days prior to Plaintiff's graduation he was again expelled because the program failed any therapeutic value to him. Id. at p. 7. Plaintiff's expulsion made him ineligible for early release under 18 U.S.C. § 3621(e).

Defendants state Plaintiff agreed to participate in the RDAP, and pledged to refrain from

any behavior disruptive to the program or its participants. He was notified he could be expelled from the program for failing to comply with its rules and regulations. Paper No. 11 at Ex. 1. In his treatment plan it was noted that Plaintiff lacked the ability to care both about society at large as will as those with whom he interacted in group settings. A treatment goal was to develop a functional level of caring for others. At his 60-day review it was noted that while he made progress in some areas, he failed to participate in treatment groups consistently and refused to address significant issues related to his recovery. At subsequent reviews it was noted that while plaintiff was making satisfactory progress he struggled with issues such as a sense of entitlement, defensiveness, and being closed minded to others.

One part of the program included an activity known as an "upbeat ritual' in which participants are given an activity which serves to uplift them and energize them for the day. Paper No. 11 at Ex. 3. All of the inmates in the treatment meeting ordinarily participate in the activity unless they choose not to do so. Id. The upbeat activity chosen for one particular day was to dance to the song YMCA. Plaintiff shouted at the other participants that he would not participate because it was for faggots. Id. After his outburst, Plaintiff was asked by treatment staff to leave the meeting for using derogatory and degrading language in violation of program rules. Id. His behavior was considered to be highly disruptive to the treatment process and potentially volatile in the correctional setting. Id.

Plaintiff was later informed in a meeting with staff that he was free to choose not to participate in an activity so long as he did so in a respectful manner. Paper No. 11 at Ex. 1. It was reiterated to him that the issue was the manner in which he refused participation, and not the refusal itself. Plaintiff insisted that his comments were not offensive; however, it was recommended that he offer a formal apology to the other participants for his behavior and to

offer amends to any member who found his comments offensive.  Plaintiff agreed to this; however, he returned to treatment and reiterated that he was not sorry for insulting participants because he was not a "faggot" and refused to do "faggot" activities.  On January 7, 2008, Plaintiff was notified that he would be removed from treatment because he continued to demonstrate increasingly negative behaviors and attitudes during treatment.

After it was determined that Plaintiff had not received sufficient documented warnings that his continued behavior would result in dismissal from the program, he was readmitted on February 29, 2008.  Paper No. 11 at Ex. 1. Upon re-admission Plaintiff received a revised treatment plan and was advised that any further display of antisocial behavior or derogatory and hostile comments would result in his expulsion from the program.  During a subsequent 60-day review it was noted that the quality of his participation in treatment was poor and below average. Id. at Ex. 2.  Despite the warnings, Plaintiff continued to portray himself as a victim rather than accept responsibility for his actions.  He exhibited no observable changes in terms of his tolerance of others.  Based on his continued failure to demonstrate any therapeutic benefit from the program, Plaintiff was expelled from the program on May 20, 2008.

**Standard of Review**

Summary judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

3

> otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

The Religious Freedom and Restoration Act (RFRA), 42 U.S.C. § 2000bb et seq. (1993), was invalidated by the United States Supreme Court in City of Beorne v. Flores, 521 U.S. 507 (1997). Subsequently, Congress passed the Religious Land Use and Institutionalized Persons Act (RLUIPA) to reinstate some of the protections provided in RFRA. See 42 U.S.C. § 2000cc et seq. (2000). The act provides in part that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the

burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--(1) is in furtherance of a compelling government interest;  and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000cc-1(a) (2000).

Defendants have alleged, and Plaintiff has failed to dispute that his removal from the treatment program had nothing to do with his refusal to participate in an activity, but was based instead on the manner in which he voiced his protest.  In addition, Defendants have demonstrated that Plaintiff was counseled and warned about the use of disrespectful and disruptive language but chose to ignore the warning.  To the extent Defendants' requirement that Plaintiff refrain from using derogatory language placed any burden on his religious exercise, it was in the furtherance of a compelling government interest.

Plaintiff's allegation that requiring his participation in the activity constitutes a violation of the Eighth Amendment is frivolous.  It is clear from the evidence that he was not required to participate in the activity, and he has not suffered serious physical or emotional injury resulting from the actions of the staff.

Defendants are entitled to summary judgment in their favor.  A separate order follows.

September 1, 2009

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE